UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 1:21-CR-085 |
| | : | |
| v. | : | (JUDGE Jones) |
| | : | |
| JAHZAIRE GILLIAM and | : | |
| HANNAH LAPHAM | : | |
| Defendants | : | Filed under seal |

INDICTMENT

COUNT 1
(Conspiracy)

FILED
HARRISBURG, PA
MAR 24 2021
PER ___MA___
DEPUTY CLERK

THE GRAND JURY CHARGES:

Conspiracy and Its Object

1. From a date unknown to the Grand Jury but at least by on or about February 3, 2021, through on or about March 2, 2021, in the Middle District of Pennsylvania, and elsewhere, the defendants,

JAHZAIRE GILLIAM
and HANNAH LAPHAM

knowingly and willfully conspired and agreed together and with each other and with other persons known and unknown to the Grand Jury, to commit the following offense against the United States: to knowingly make a false and fictitious statement during the purchase of a firearm,

in violation Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## Manner and Means

It was part of the conspiracy that:

2. The defendants traveled to multiple federal firearms licensees for the purpose of purchasing firearms for GILLIAM.

3. At the federal firearms licensees, LAPHAM completed and executed a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record ("Form 4473").

4. On each Form 4473, LAPHAM indicated that she was the actual transferee/buyer of the firearm, when in fact she knew that GILLIAM was the actual transferee/buyer of the firearm.

## Overt Acts

In furtherance of the conspiracy and to effect the object of the conspiracy, the following overt acts, among others, were committed in the Middle District of Pennsylvania and elsewhere:

5. On or about February 3, 2021, GILLIAM and LAPHAM traveled separately to Winter Firearms, a licensed dealer of firearms

within the meaning of Chapter 44, Title 18, United States Code, in Red Lion, Pennsylvania.

6. While at Winter Firearms, GILLIAM gave LAPHAM U.S. currency to purchase a firearm he had identified.

7. While at Winter Firearms, LAPHAM completed and executed a Form 4473 that falsely indicated that she was the actual transferee/buyer of a 9mm Springfield, model XD(M)-9 pistol (serial number MG785192). LAPHAM purchased that firearm and later gave it to GILLIAM.

8. On or about February 26, 2021, GILLIAM and LAPHAM traveled together from Hellam, Pennsylvania, to Kinsey's Outdoors, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, in Mount Joy, Pennsylvania.

9. While at Kinsey's Outdoors, LAPHAM completed and executed a Form 4473 that falsely indicated that she was the actual transferee/buyer of a 9mm Century Arms, Canik 55, Model TP9SF pistol (serial number 21AT02749). LAPHAM purchased that firearm but was unable to leave with the firearm at the time of the purchase.

3

10. On or about February 26, 2021, GILLIAM and LAPHAM traveled together to Lanco Tactical, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, in Elizabethtown, Pennsylvania.

11. While at Lanco Tactical, GILLIAM gave LAPHAM U.S. currency to purchase a firearm he had identified.

12. While at Lanco Tactical, LAPHAM completed and executed a Form 4473 that falsely indicated that she was the actual transferee/buyer of a 9mm Tisas, Model Zigana PX-9 pistol (serial number T062020BM14202). LAPHAM purchased that firearm but was unable to leave with the firearm at the time of the purchase.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2
(False statement during purchase of a firearm)

THE GRAND JURY FURTHER CHARGES:

13. On or about February 3, 2021, in York County, within the Middle District of Pennsylvania, the defendant,

HANNAH LAPHAM,

in connection with the acquisition of a firearm, that is, a 9mm Springfield, model XD(M)-9 pistol (serial number MG785192), from Winter Firearms, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious statement to the dealer, which statement was intended and likely to deceive the dealer, as to a fact material to the lawfulness of the sale of said firearm to the defendant under Chapter 44 of Title 18, in that the defendant represented that she was the actual transferee/buyer of said firearm when in fact as the defendant then knew, she was not the actual transferee/buyer of said firearm.

All in violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## COUNT 3
(Receipt of firearm by person under indictment)

THE GRAND JURY FURTHER CHARGES:

14. On or about February 3, 2021, in York County, within the Middle District of Pennsylvania, the defendant,

JAHZAIRE GILLIAM,

knowing that he was then under indictment and information for a crime punishable by imprisonment for a term exceeding one year, that is, carrying a firearm without a license, in violation of 18 Pa. C.S. § 6106(a)(1), and possessing an offensive weapon, in violation of 18 Pa. C.S. § 908(a), did willfully receive a firearm, that is, a 9mm Springfield, model XD(M)-9 pistol (serial number MG785192), said firearm having been shipped and transported in interstate commerce.

All in violation of Title 18, United States Code, Sections 922(n) and 924(a)(1)(D).

## COUNT 4
(Receipt of firearm by person under indictment)

THE GRAND JURY FURTHER CHARGES:

15. On or about February 22, 2021, in York County, within the Middle District of Pennsylvania, the defendant,

**JAHZAIRE GILLIAM,**

knowing that he was then under indictment and information for a crime punishable by imprisonment for a term exceeding one year, that is, carrying a firearm without a license, in violation of 18 Pa. C.S. § 6106(a)(1), and possessing an offensive weapon, in violation of 18 Pa. C.S. § 908(a), did willfully receive a firearm, that is, a 9mm Century Arms, Canik 55, Model TP9SF pistol (serial number T6472-21AT02964), said firearm having been shipped and transported in interstate commerce.

All in violation of Title 18, United States Code, Sections 922(n) and 924(a)(1)(D).

## COUNT 5
(Possession of firearm by unlawful user of controlled substance)

THE GRAND JURY FURTHER CHARGES:

16. From on or about February 22, 2021, through on or about March 2, 2021, in York County, within the Middle District of Pennsylvania, the defendant,

## JAHZAIRE GILLIAM,

knowing that he was an unlawful user of a controlled substance as defined in 21 U.S.C. § 802, knowingly possessed a firearm, that is, a 9mm Century Arms, Canik 55, Model TP9SF (serial number T6472-21AT02964), said firearm having been shipped and transported in interstate commerce .

All in violation of Title 18, United States Code, Sections 922(g)(3) and 924(a)(2).

## COUNT 6
(Distribution of marijuana)

THE GRAND JURY FURTHER CHARGES:

17. On or about March 2, 2021, in York County, within the Middle District of Pennsylvania, the defendant,

**JAHZAIRE GILLIAM,**

knowingly and intentionally distributed marijuana, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).

## COUNT 7
(Possession with intent to distribute marijuana)

THE GRAND JURY FURTHER CHARGES:

18. On or about March 2, 2021, in York County, within the Middle District of Pennsylvania, the defendant,

JAHZAIRE GILLIAM,

knowingly and intentionally possessed with intent to distribute marijuana, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).

## COUNT 8
(Possession of a firearm in furtherance of drug trafficking)

THE GRAND JURY FURTHER CHARGES:

19. On or about March 2, 2021, in York County, within the Middle District of Pennsylvania, the defendant,

### JAHZAIRE GILLIAM,

did knowingly possess a firearm, that is, a 9mm Century Arms, Canik 55, Model TP9SF (serial number T6472-21AT02964), in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, distribution of marijuana and possession with intent to distribute marijuana.

All in violation of Title 18, United States Code, Section 924(c)(1)(A).

## FORFEITURE ALLEGATION

THE GRAND JURY FURTHER FINDS:

20. The allegations contained in Counts 1 through 8 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 924(d); Title 28, United States Code, Section 2461(c); and Title 21, United States Code, Section 853.

21. Upon conviction of the offenses in violation of Title 18, United States Code, Sections 922(g)(3), 922(n), and 924(c)(1)(A) set forth in Counts 3, 4, 5, and 8; or Title 21, United States Code, Section 841(a)(1), (b)(1)(D) set forth in Counts 6 and 7 of this Indictment, the defendant,

JAHZAIRE GILLIAM,

shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d); Title 28, United States Code, Section 2461(c); and Title 21, United States Code, Section 853, any firearms and ammunition involved in the commission of the offense; any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation; or any of the person's

property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation, including, but not limited to:

    a. a 9mm Century Arms, Canik 55, Model TP9SF (serial number T6472-21AT02964).

22. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

Case 1:21-cr-00085-JEJ   Document 15   Filed 03/24/21   Page 14 of 14

All pursuant to 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853.

A TRUE BILL

BRUCE D. BRANDLER
ACTING UNITED STATES ATTORNEY

*[signature]*

CARLO D. MARCHIOLI
ASSISTANT U.S. ATTORNEY

Foreperson, Grand Jury

3/24/2021
DATE